UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JENI LEMON<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT MANAGEMENT L.P.<br><br>    Defendant. | Case No.: 0:20-cv-02462<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1.  **FDCPA, 15 U.S.C. § 1692** *et seq.* |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jeni Lemon ("Plaintiff"), through her attorneys, alleges the following against Defendant Credit Management L.P. ("Defendant" or "CM"):

## INTRODUCTION

1. Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), e(10) and f(1), which prohibit debt collectors from engaging in false, deceptive, or misleading representations or unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2. The District court has federal question jurisdiction over these claims pursuant to 47 U.S.C § 227 and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Venue is proper in this District because the acts and transactions at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Jeni Lemon, is a natural person residing in the city of Rochester in Olmsted County, Minnesota.

6. Defendant Credit Management L.P. ("CM") is a debt collection agency incorporated under the laws of the State of Texas, is authorized to do business in the State of Minnesota, and has a registered office located at CT Corporation Systems, Inc., 1010 Dale St. N, St. Paul, MN 55117. Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant uses instrumentalities of interstate commerce for the principal purpose of collecting debts. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8. In or around 2017 or 2018, Plaintiff incurred a debt with Apollo Dental Center.

9. Upon information and belief, sometime before her bankruptcy petition, Plaintiff also incurred a debt with Olmsted Medical Center.

10. On or about April 25, 2019, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Minnesota (St. Paul) (#19-31323).

11. Included in her bankruptcy was the nonpriority unsecured debt owed on her Apollo Dental Center account which CM attempted to collect.

12. Plaintiff listed her Olmsted Medical Center account, Account number ending in xx4831, of $156.00 on Schedule F of her bankruptcy petition.

13. On or about July 17, 2019, Plaintiff obtained a discharge of her Chapter 7 Bankruptcy.

14. Plaintiff's bankruptcy discharge included the discharge of all debt owed on her Apollo Dental Center account and her Olmstead Medical Center account.

15. Upon information and belief, Plaintiff's Apollo Dental Center account and her Olmstead Medical Center account were placed with Defendant CM for collection.

16. Sometime after receiving her Bankruptcy discharge, Plaintiff received collection letters from Defendant, seeking payment on the discharged debts.

17. Defendant's collection letters urged Plaintiff to log into her CM online portal to pay the Apollo Dental Center and Olmstead Medical Center debts.

18. Plaintiff logged into her CM online portal and saw balances owed on the Apollo Dental Center and Olmstead Medical Center accounts.

19. The CM portal showed a total due balance of $96.02 on the Apollo Dental Center account and a total due balance of $156.00 on the Olmsted Medical Center account.

20. After receiving the letters, Plaintiff called CM to inform Defendant that the debts are not owed because they were discharged in her bankruptcy.

21. During the call, CM represented to Plaintiff that she still owed the debts and she needed to make payments on them.

22. Defendant's letters, phone call, and Defendant's online portal made Plaintiff believe she was still legally responsible for the debts.

23. Upon information and belief, Plaintiff's Apollo Center Debt and Olmsted Medical Center debt were placed with Defendant after Plaintiff's bankruptcy discharge.

24. Upon information and believe, Defendant, upon receiving placement of the accounts, failed to conduct a bankruptcy scrub to confirm the debts were not involved in a bankruptcy proceeding.

25. Defendant knew, or should have known, the subject debt was previously discharged in Plaintiff's bankruptcy.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages as detailed above, as well as embarrassment, stress and anxiety, emotional and mental pain and anguish.

## COUNT I
**Defendant CM's Violations of the FDCPA, 15 U.S.C. § 1692, *et seq.***

27. Plaintiff incorporates herein by reference paragraphs one (1) through twenty-six (26) of this complaint as though fully set forth herein at length.

28. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

    b. Defendant violated 15 USC 1692e(10), by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

    c. Defendant violated 15 USC 1692e(2)(a), by misrepresenting the legal status of the debt it attempted to collect from Plaintiff; and

    d. Defendant violated 15 USC 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, Defendant did not have the legal right to attempt collection of the discharged debt.

29. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the discharged debt.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jeni Lemon, respectfully requests judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant violated the FDCPA;

    B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3)

    E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 F. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: December 3, 2020

        RESPECTFULLY SUBMITTED,

        By: *s/Jenna Dakroub*
        Jenna Dakroub
        Bar Number: 0401650
        Attorney for Plaintiff Jeni Lemon
        Price Law Group, APC
        8245 N. 85th Way
        Scottsdale, AZ 85258
        Telephone: (818) 600-5513
        Email: jenna@pricelawgroup.com